## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

CRAIG T. GOLDBLATT
JUDGE



824 N. MARKET STREET
WILMINGTON, DELAWARE
(302) 252-3832

May 23, 2022

**<u>VIA CM/ECF</u>**

      Re:    *Mesabi Metallics Company v. Cleveland-Cliffs*, Adv. Proc. No. 17-51210

Dear Counsel:

      This letter is to follow up on the May 20, 2022 hearing in the above-captioned adversary proceeding. Plaintiff Mesabi Metallics served a Rule 45 subpoena on nonparty U.S. Steel, seeking documents that it contends are relevant to the antitrust and business tort claims it is asserting against defendant Cleveland-Cliffs. The May 20, 2022 hearing was on U.S. Steel's motion for a protective order and Mesabi's motion to compel compliance with its subpoena.

      In a letter dated May 18, 2022, the Court set out its preliminary views based on its review of the parties' pleadings and the text of Rule 45. Rule 45(d)(2)(B) states that a party on whom a subpoena is served may object. It then provides, in the language that is most critical to the present dispute, that:

      If an objection is made, the following rules apply:

        (i)    At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

        (ii)    These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.[1]

---

[1] Fed. R. Civ. P. 45(b)(2)(B), as made applicable to this adversary proceeding by Fed. R. Bankr. P. 9016.

Case 17-51210-CTG    Doc 585    Filed 05/23/22    Page 2 of 5

*Mesabi Metallics Company v. Cleveland Cliffs*, Adv. Proc. No. 17-51210
May 23, 2022
Page 2 of 5

In the Court's May 18, 2022 letter, the Court expressed its preliminary view that in light of this language, and the Third Circuit's decision in *R.J. Reynolds Tobacco v. Philip Morris, Inc.*,[2] cost-shifting appeared to be mandatory so long as the cost of complying with the subpoena would be "significant." And in view of the declarations provided by U.S. Steel about the costs it had already incurred, the Court expressed its view that the cost of compliance (which had already reached more than $140,000) was indeed significant.

The parties' argument at the May 20, 2022 hearing, while extremely helpful, did not alter the Court's views on this point. While Mesabi correctly pointed out (as it did in its briefs) that there is case law holding that a court may consider the relative size of the parties in assessing what degree of expense is "significant,"[3] this Court is persuaded that, even for a large company like U.S. Steel, the cost of complying with the subpoena is significant. The Court accordingly concludes that in the circumstances presented here, cost-shifting is mandatory.

Relatedly, Mesabi also correctly points out that there are cases, following a suggestion in *Moore's Federal Practice*, stating that to "determine whether a nonparty should be required to bear all or some of the expense of compliance with a subpoena, the courts consider three factors: (1) whether the nonparty has an actual interest in the outcome of the case; (2) whether the nonparty can more readily bear the costs than can the requesting party; and (3) whether the litigation is of public importance."[4] The passage of *Moore's Federal Practice* on which these cases rely, however, is curious, in that it follows a sentence stating that some courts "have held," as the Third Circuit has in *R.J. Reynolds*, "that Rule 45(d)(2)(B)(ii) *requires* a district court to shift the cost of compliance with a subpoena if those costs are significant."[5]

The *Moore's* treatise offers no explanation how one might square a mandatory requirement to shift costs with a three-factor balancing test. In light of the mandatory language of Rule 45 ("the order must protect a [nonparty] from significant expense"), however, it would perhaps be more appropriate to suggest that the significance of the costs at issue may be considered in light of the three factors the treatise identifies than to imply that the nonparty should be required to bear a significant expense if it has an "interest" in the case, has greater means than the party that issued the subpoena, or if the case is one of public importance. While it is true that the latter reading, which is the one Mesabi urges, has support in some of

---

[2] 29 Fed. Appx 880 (3d Cir. 2002).
[3] *See, e.g., Sandoz Inc. v. United Therapeutics Corp.*, No. 19-10170, 2021 WL 1259667 (D.N.J. April 6, 2021); *Mallinckrodt LLC v. Actavis Labs FL, Inc.*, No. 2:15-3800 (KSH)(CLW), 2017 WL 5476801 (D.N.J. Feb. 10, 2017).
[4] *See, e.g., Maximum Human Performance, LLC v. Sigma-Tau HealthScience, LLC*, No. 12-6526, 2013 WL 4537790 (D.N.J. Aug. 27, 2013) at * 4 (citing 9 *Moore's Federal Practice* § 45.41[3]; *In re Subpoenas to Folliard*, No. 10-789, 2012 WL 907763 at * 2-3 (D.D.C Mar. 16, 2012).
[5] *Moore's Federal Practice* § 45.41[3] (emphasis in original).

*Mesabi Metallics Company v. Cleveland Cliffs*, Adv. Proc. No. 17-51210
May 23, 2022
Page 3 of 5

the case law, neither Mesabi nor the cases on which it relies confronts the fact that this principle is directly contrary to both the language of Rule 45(b)(2)(B)(ii) and the Third Circuit's statement in *R.J. Reynolds* that the rules "impose[] mandatory fee shifting" and require that "[s]ignificant expenses must be borne by the party seeking discovery."[6] Thus reading the three-factor test merely as a tool to help assess whether any given expense is "significant," the Court is persuaded that the costs of complying with Mesabi's subpoena are "significant" even when those costs are viewed in light of the three considerations *Moore's* identifies.

The principal issue that seems to divide the parties, however, is whether the costs that are shifted should include the attorneys' fees associated with attorney review of the documents that are identified in response to a key-word search, to see if those documents are (a) responsive to the requests set out in the subpoena; (b) subject to a claim of privilege; or (c) otherwise contain sensitive business information such that other protections might be appropriate.

Mesabi correctly points out that there are a number of cases stating that conducting such a review is for the benefit of the party subject to the subpoena, and that the party that issues the subpoena should therefore not be required to bear that cost. The Eastern District of Pennsylvania, for example, stated in *Steward Health Care System* that the fees at issue there were incurred "as a result of [the third party's] own desire to check for privileged and confidential documents. These types of attorneys' fees are not subject to reimbursement under Rule 45."[7] Similarly, the Middle District of Pennsylvania found in *Lefta Associates v. Hurley* that fees were not subject to cost-shifting under Rule 45 when the fees "appear largely related to efforts by the bank to protect its own interests in connection with its compliance with the subpoena, by independently reviewing these documents itself to determine claims of privilege it might assert."[8]

Other cases, however, have provided for the reimbursement of legal fees and costs associated with document review and production. For example, the Southern District of Ohio held in *Georgia-Pacific LLC v. American Intern. Specialty Lines Ins. Co.* that a nonparty was entitled to recover the reasonable costs associated with having its "attorneys … review some ten bankers' boxes of documents, as well as electronically stored information" in light of the concerns that the materials included privileged communications and to prevent "the disclosure of any confidential medical

---

[6] 29 Fed. Appx at 882-883.
[7] *Steward Health Care System LLC v. Blue Cross & Blue Shield of Rhode Island*, No. 15-572, 2016 WL 8716426 at *4 (E.D. Pa. Nov. 4, 2016).
[8] *Lefta Assocs. v. Hurley*, No. 1:09-CV-2487, 2011 WL 1793265 at *4 (M.D. Pa. May 11, 2011).

Case 17-51210-CTG    Doc 585    Filed 05/23/22    Page 4 of 5

*Mesabi Metallics Company v. Cleveland Cliffs*, Adv. Proc. No. 17-51210
May 23, 2022
Page 4 of 5

records or other health information" that could not be disclosed under applicable law.[9]

It is common ground that when Rule 45 provides that an order compelling compliance with a subpoena "must protect a [nonparty] from significant expense resulting from compliance" that it is referring to significant expenses that are *reasonably* incurred to comply with the subpoena, and that wholly unnecessary or unreasonable costs may not be shifted to the party issuing the subpoena.[10] As one court aptly put it, "an unreasonably incurred expense is not an expense 'resulting from compliance.'"[11]

Accordingly, the difference between cases like *Steward Health* and *Lefta Associates*, on the one hand, and those like *Georgia-Pacific*, on the other, appears to boil down to the question whether the cost associated with having attorneys review documents that are identified by key word searches of electronic data, to determine whether the documents are in fact responsive to the subpoena, contained privileged communications, or are otherwise subject to protection is a cost that is reasonably incurred. Whatever one might think about that question as an abstract matter, the Court is satisfied that, at least in the context of this case – which involves a subpoena issued by a company to another in the same industry, it is reasonable to have an attorney conduct a document review before the documents are produced.

During the course of the May 20, 2022 hearing, counsel reported that while Mesabi was willing to pay the hard costs associated with the document production (such as the costs associated with hosting the data on a server), it was not willing to pay the costs associated with a document review. Instead, Mesabi's proposal was that U.S. Steel simply produce all of the documents that were generated by the word search, subject to an agreement between the parties (perhaps backed by an order of the Court) stating that the production of any otherwise privileged communication would not constitute a waiver of the privilege and that no commercially sensitive information could be used for any purpose unrelated to the litigation.

Mesabi is correct that such a proposal would fairly reflect the holdings of *Steward Health Care* and *Lefta Associates*. But regardless of whether this Court might have found it reasonable in those cases for the third parties who were subject to the subpoenas in those cases to conduct a document review before producing the

---

[9] *Georgia-Pacific LLC v. American Intern. Specialty Lines Ins. Co.,* 278 F.R.D. 187, 191 (S.D. Ohio 2010).

[10] *Steward Health Care System*, 2016 WL 8716426, at *3; *In re Application of Michael Wilson & Partners, Ltd., for Judicial Assistance Pursuant to 28 U.S.C. 1782*, 520 Fed. Appx. 736, 739 (10th Cir. 2013) ("Although Rule 45(c)(2)(B)(ii) protects a nonparty subpoena respondent from 'significant expense,' expenses ... must be reasonable.") (quoting *United States v. Columbia Broadcasting Sys., Inc.*, 666 F.2d 364, 371 n. 9 (9th Cir. 1982)); *In re Modern Plastics Corp.*, 536 B.R. 783, 788 (Bankr. W.D. Mich. 2015) (same).

[11] *United States v. McGraw–Hill Companies, Inc.*, 302 F.R.D. 532, 536 (C.D. Cal. 2014).

Case 17-51210-CTG   Doc 585   Filed 05/23/22   Page 5 of 5

*Mesabi Metallics Company v. Cleveland Cliffs*, Adv. Proc. No. 17-51210
May 23, 2022
Page 5 of 5

documents at issue, in the (arguably different) context of this case the Court has little trouble concluding that it is reasonable for U.S. Steel to review the documents before they are produced.

In this respect, the issue is similar to one that Judge Shannon confronted at the very outset of this bankruptcy case. Even before this adversary proceeding was filed, Mesabi sought discovery under Rule 2004 against Cleveland-Cliffs, seeking, *inter alia*, Cleveland-Cliffs' customer data and pricing formulas. Judge Shannon rejected that request. Notwithstanding the broad discovery permitted by Rule 2004, Judge Shannon noted that the parties were business competitors and that the discovery requested would "impose a material risk of disclosure of sensitive and valuable business information."[12]

That same insight is controlling here. U.S. Steel is in the same industry as Mesabi. The notion that a party in its position, behaving in a manner that is reasonable, would turn over its internal documents to Mesabi without so much as reviewing them to know what kind of information they contain simply blinks commercial reality. Whatever might have been deemed reasonable in *Steward Health Care* and *Lefta Associates*, there is no question that such a review is reasonable in the context before the Court in this case.

That is not to say that anything and everything that U.S. Steel might choose to do in conducting a document review is necessarily reasonable. In this Court's view, those costs and expenses that are "reasonable" are those that U.S. Steel would incur if it had to bear those costs itself. Accordingly, the Court's ruling is limited to holding that, under Rule 45(d)(2)(B)(ii), Mesabi must bear the reasonable costs incurred by U.S. Steel in complying with its subpoena, including the reasonable costs of reviewing the documents before their production. Mesabi's right to challenge the reasonableness of any particular expense is fully preserved.

As the Court noted in its May 18, 2022 letter, it appreciates that this ruling may affect the scope of the document review that Mesabi requires U.S. Steel to undertake. To the extent that further disputes arise between the parties, they may be brought to the Court's attention by way of letter, consistent with the Court's [Chambers Procedures](). The parties are directed to settle an order reflecting the terms of this ruling.

                                                      Sincerely,

                                                      Craig T. Goldblatt
                                                      United States Bankruptcy Judge

---

[12] *In re Essar Steel Minnesota LLC et al.*, No. 16-11626 (BLS) (Bankr. D. Del. Sept. 21, 2016), D.I. 355 at 2.