**WHITE & CASE**

August 6, 2023

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
T +1 212 819 8200

whitecase.com

VIA ECF

Hon. J. Craig T. Goldblatt
U.S. Bankruptcy Court for the District of Delaware
824 North Market Street
3rd Floor, Courtroom #7
Wilmington, Delaware 19801

***Mesabi Metallics Company LLC v. Cleveland-Cliffs Inc. et.al.*, Adv. Proc. No. 17-51210**

Dear Judge Goldblatt:

We submit this letter on behalf of Mesabi Metallics Company LLC ("Mesabi") in response to the letter filed by Cleveland-Cliffs Inc. ("Cliffs") dated August 5, 2023 [D.I. 778] ("Cliffs' Letter"). Due to time constraints, Mesabi will not attempt to detail all the errors in Cliffs' Letter, but there is one critical error that demands highlighting, because correcting it should significantly streamline discussion of this issue at tomorrow's hearing.

Cliffs' central argument is that Mesabi cannot seek public disclosure of documents filed with the Court if they were designated confidential pursuant to the stipulated protective order. While it is unsurprising that Cliffs wants to keep the public in the dark about its anticompetitive conduct, Cliffs is simply wrong. Cliffs repeatedly ignores the vital distinction between discovery materials generally and judicial records filed with the court:

> Although the parties may agree to shield information contained in discovery materials, they may not do so once those materials become part of the court record. The parties may have entered into an agreement to keep documents confidential during discovery, but that agreement does not protect judicial documents from disclosure. A more rigorous standard is applied in determining whether court documents can be sealed than is applied to protective orders shielding discovery materials. Once a discovery document becomes a court document filed of record, a presumptive right of public access arises.

*Midwest Ath. & Sports All. LLC v. Ricoh USA, Inc.*, 395 F. Supp. 3d 461, 463 (E.D. Pa. 2019).

The Third Circuit Court of Appeals made this clear in the *Avandia* decision cited by Mesabi in its July 21, 2023 letter [D.I. 774]. When determining whether to unseal materials "filed as court documents," courts apply the "common law right of access," which "begins with a presumption in favor of public access." *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 670 (3d Cir. 2019). Needless to say, *Avandia* is binding precedent in this Court.

WHITE & CASE

Hon. J. Craig T. Goldblatt
August 6, 2023

Cliffs attempts to distinguish *Avandia* and other cases by arguing that they either did not involve protective orders or the orders were not stipulated by the parties. Again, Cliffs is wrong. For instance, Cliffs states that there was "no protective order at all" in *Peloton Interactive, Inc. v. Echelon Fitness Multimedia LLC*. Cliffs' Letter at 5. But that order, which was stipulated, can be found at entry 71 on the docket. *See* No. 1:19-cv-01903 (D. Del. Oct 08, 2019), Dkt. 71.

Likewise, Cliffs states there was "no stipulated protective order" in *Avandia*. Cliffs' Letter at 5. But the protective order in *Avandia* was agreed by the parties. The *Avandia* trial court observed on May 21, 2008 that "[t]he parties continue negotiations and discussions regarding the . . . Protective Order," and the court asked the parties, if they could not agree, to brief the issue and submit dueling orders by June 6, 2008. Pretrial Order No. 6 at 2, *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, No. 2:07-md-1871 (E.D. Pa. May 21, 2008), ECF No. 125. There are no such briefs or competing protective orders on the docket. Instead, the court entered the protective order a few days later.[1] Pretrial Order No. 10, *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, No. 2:07-md-1871 (E.D. Pa. June 11, 2008), Dkt. 138.

Cliffs' position is also fundamentally at odds with the public's right to access judicial records. If private parties could negotiate away that right, it would be worthless. Indeed, the fact that the protective order is stipulated actually <u>undermines</u> Cliffs' position. *See Republic of Philippines v. Westinghouse Electric Corp.*, 139 F.R.D. 50, 56 (D.N.J. 1991) ("The Third Circuit has already rejected the argument that parties can reasonably rely on a protective order to impose a higher standard on the public to obtain access when discovery materials are made part of a judicial record, particularly when the protective order originates . . . as a stipulation between the parties.") (citing *Littlejohn v BIC Corporation*, 851 F.2d 673, 680 & n. 15 (3d Cir. 1988)).

Thus, as explained in Mesabi's July 21, 2023 letter, Cliffs was required to establish, as to each document, that "disclosure will work a clearly defined and serious injury." *Avandia*, 924 F.3d at 672. But rather than use the last two weeks to try to show such injury, Cliffs has ignored binding precedent and asserted a blanket objection to disclosure. Cliffs therefore has waived its opportunity to specific any injury and should not be permitted to further delay publication of these materials.

Sincerely,

**David H. Suggs**

cc:   Counsel of Record (via ECF)

---

[1] Cliffs opposes disclosure based on a provision in the protective order limiting the parties' use of discovery materials to this litigation, but the orders in *Avandia* and *Peloton* included similar provisions. *See Avandia*, No. 2:07-md-1871, Dkt. 138, at ¶ 2; *Peloton*, Dkt. 71 at ¶ 6. Such provisions do not override the public's right of access.