<strong>UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF DELAWARE</strong>

**CRAIG T. GOLDBLATT**  
**JUDGE**

**824 N. MARKET STREET**  
**WILMINGTON, DELAWARE**  
**(302) 252-3832**



August 20, 2023

**<u>VIA CM/ECF</u>**

      Re:   *Mesabi Metallics Company LLC v. Cleveland-Cliffs Inc., et al.*, Adv. Proc. No. 17-51210

Dear Counsel:

      The Court has reviewed the parties' submissions and, on August 18, 2023, heard argument in the dispute over Mesabi's request to share Cleveland-Cliffs' ("Cliffs") expert reports with its parent, Essar Global Limited ("Essar"), for the purpose of preparing its rebuttal reports.[1]  At the conclusion of the August 18, 2023 hearing, the Court asked the parties to submit, under seal, the underlying expert materials at issue, indicating the redactions that have been proposed.

      This is a close question and the Court has a measure of sympathy for both sides' positions.  On the one hand, Cliffs is correct that issues of Essar's involvement in this litigation have arisen before.  For example, when Cliffs sought, in discovery, the production of documents in Essar's possession, Mesabi took the view that those documents were outside of its own possession, custody or control, and that Cliffs' only recourse was to serve a Rule 45 subpoena.  So Cliffs is not without some justification in suggesting that it is a touch rich of Mesabi now to argue that its relationship with Essar is so close that it needs to share otherwise confidential documents with Essar in order to respond to Cliffs' expert reports.  And Cliffs is likewise correct that the

---

[1] D.I. 780, 785, 787.

*Mesabi Metallics Company LLC v. Cleveland-Cliffs Inc., et al.,*
Adv. Proc. No. 17-51210
August 20, 2023
Page 2 of 4

caselaw generally does not permit a third party to obtain an otherwise confidential expert report.[2]

That said, the Court was struck that Cliffs' letter, while pointing out that Cliffs and Essar are business competitors, did not particularly contend that Cliffs would suffer competitive injury from the disclosure of its (redacted) expert reports to Essar. Rather, Cliffs' argument appears to be that because the report contains information that is properly treated as confidential vis-à-vis the world at large, it is entitled to prevent Mesabi from sharing the report with Essar.

The Court, however, is more inclined to adopt a construction of the rules that comports with their overarching purpose. In that regard, it is clear that the purpose of Civil Rule 26(c), and the stipulated protective order in this case that this Court issued under that authority,[3] is to ensure that the exchange of information in discovery be conducted in a manner that does not cause the parties that are producing information a competitive or business injury. The case law is likewise consistent in explaining that protective orders should be construed to further these principles.[4] The Court accordingly believes that the protective order it issued ought to read in the same light, and that restrictions on the use of information should be tailored to serving the underlying objective of protecting the parties from business or competitive injury arising out of the sharing of otherwise confidential information. Indeed, the Court believes that such a construction is dictated by Bankruptcy Rule 1001, which admonishes that the rules "shall be construed, administered, and

---

[2] *See generally Wal-Mart Stores, Inc., et al. v. Texas Alcoholic Beverage Commission, et al.*, 2016 WL 5922315 (W.D. Tex. Oct. 11, 2016). Notably, however, the request the court considered in *Wal-Mart Stores* was made by the third party itself, not by a party to the litigation that sought to share it for reasons related to the party's own prosecution or defense of its claims.

[3] D.I. 588.

[4] *See Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121-1122 (3d Cir. 1986) (explaining "good cause" in the context of Rule 26(c) and explaining that "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test … Moreover, the harm must be significant, not a mere trifle."); *United States v. Microsoft Corp.*, 165 F.3d 952, 959-960 (D.C. Cir. 1999) ("Rule 26(c) is highly flexible, having been designed to accommodate all relevant interests as they arise."); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) ("Apart from generally noting the existence of confidential third party information, which may or may not have been filed," when the protection of a document is contested, courts look to any "specific harm or prejudice that it expects will arise from disclosure of any particular documents produced in discovery.").

*Mesabi Metallics Company LLC v. Cleveland-Cliffs Inc., et al.,*
Adv. Proc. No. 17-51210
August 20, 2023
Page 3 of 4

employed by the court and the parties to secure the just, speedy, and inexpensive determination of every case and proceeding."[5]

The Court of course appreciates that Essar and Cliffs are business competitors. That said, Mesabi asks to share with Essar only those portions of the expert reports that are based on Mesabi's own information – information that Mesabi could of course share with Essar at any time. And Cliffs has not pointed to any concrete injury that it would suffer from sharing those portions of the expert reports. Nor was it apparent to the Court, based on its review of the reports filed under seal, that Cliffs would suffer any competitive injury from their disclosure to Essar.

Focusing on substance over form, the Court is inclined to treat Mesabi's letter as a challenge, under ¶ 24 of the Amended Protective Order, seeking to de-designate, in part, those portions of the expert reports that reveal only information based on publicly available or Mesabi's own information. The de-designation is sought "in part" in the sense that Mesabi does not ask that the confidentiality restrictions be removed entirely, only that Essar be excepted from the order's restrictions with respect to this material.

Unlike a request to share all manner of confidential information with Essar, a request that this Court would undoubtedly deny for the reasons set forth in Cliffs' letter, this limited partial de-designation of confidential information does not grant Essar access to any of Cliffs' own confidential business information that it may have otherwise produced to Mesabi over the course of discovery.

This ruling is subject to two caveats. First, Cliffs points out that the reports redact information that is marked "Highly Confidential" or "Outside Counsel Eyes Only" but not information that was marked only as "Confidential." Moreover, Cliffs states that the reports do disclose some information that was provided by third parties but marked by those parties as "Confidential." So as not to prejudice the rights of those third parties, such information should also be redacted from versions of the report that may be shared with Essar personnel.

Second, before Essar and its personnel may review copies of the report that are otherwise confidential under the protective order, they must indicate in writing (on behalf of themselves and Essar) that they submit to the jurisdiction of this Court and agree to be bound by the protective order, including the restrictions on the use of information for any purpose unrelated to the litigation and the prohibition of disclosure to third parties.

---

[5] Fed. R. Bank. Proc. 1001.

*Mesabi Metallics Company LLC v. Cleveland-Cliffs Inc., et al.,*
Adv. Proc. No. 17-51210
August 20, 2023
Page 4 of 4

      The parties are directed to meet and confer for the purposes of implementing this letter ruling. To the extent a dispute were to arise in such implementation, the parties may reach out to chambers for the purpose of setting a Zoom hearing to resolve any such dispute.

                                          Sincerely,

                                          Craig T. Goldblatt
                                          United States Bankruptcy Judge