WHITE & CASE

November 7, 2023

VIA ECF

Hon. J. Craig T. Goldblatt
U.S. Bankruptcy Court for the District of Delaware
824 North Market Street
3rd Floor, Courtroom #7
Wilmington, Delaware 19801

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
T +1 212 819 8200

whitecase.com

*Mesabi Metallics Company LLC v. Cleveland-Cliffs Inc. et.al.*, Adv. Proc. No. 17-51210

Dear Judge Goldblatt:

We submit this letter on behalf of Mesabi Metallics Company LLC ("Mesabi") in response to the letter filed yesterday by Cleveland-Cliffs Inc. ("Cliffs"). D.I. 828.

Cliffs informed Mesabi at nearly 6 pm on Friday evening – seven days before the most significant deadline in this litigation to date – that Cliffs planned to extend unilaterally that deadline and file its summary judgment motion three days later than the parties had agreed. Cliffs justified its decision by citing Rule 6 of the Federal Rules of Civil Procedure, even though Rule 6 does not apply. Despite surely knowing that Mesabi would need time to consider Cliffs' request and consult with relevant individuals, Cliffs apparently decided to not work the weekend. Mesabi responded promptly on Monday morning and declined to extend yet another deadline in this six-year litigation. Cliffs now asks the Court to bless Cliffs' decision to take the weekend off by granting it the extension that the Rules do not authorize. Cliffs has not provided good cause to modify the schedule. Moreover, an extension would prejudice Mesabi, including by greatly reducing the time that a vital Mesabi team member will have to work on the opposition brief due to her maternity leave. The Court should refuse Cliffs' request.

Cliffs does not state that some factor beyond its control has arisen that prevents it from filing its summary judgment motion on the agreed date. Cliffs does not even claim that its offices or its attorneys' offices will be closed for Veterans Day. The only reason Cliffs gives for deviating from the agreed deadline is that, after announcing that it had granted itself an extension, Cliffs relied on "Mesabi's silence" and chose to "not have its team work through the weekend."

Notably, Cliffs initially represented to the Court that it chose to not work on the weekend "in reliance on the Rules," *see* Ex. A, but Cliffs now appears to have realized that it misread those Rules. As explained in the Advisory Committee Notes to the Federal Rules, Rule 6 does not apply to fixed dates such as the November 10, 2023 deadline:

Hon. J. Craig T. Goldblatt
November 7, 2023

WHITE & CASE

> The time-computation provisions of subdivision (a) apply only when a time period must be computed. They do not apply when a fixed time to act is set. The amendments thus carry forward the approach taken in *Violette v. P.A. Days, Inc.*, 427 F.3d 1015, 1016 (6th Cir. 2005) (holding that Civil Rule 6(a) "does not apply to situations where the court has established a specific calendar day as a deadline"), and reject the contrary holding of I*n re American Healthcare Management, Inc.*, 900 F.2d 827, 832 (5th Cir. 1990) (holding that Bankruptcy Rule 9006(a) governs treatment of date-certain deadline set by court order). If, for example, the date for filing is "no later than November 1, 2007," subdivision (a) does not govern. But if a filing is required to be made "within 10 days" or "within 72 hours," subdivision (a) describes how that deadline is computed.

Fed. R. Civ. P. 6(a) advisory committee's notes to 2009 amendment; Fed. R. Bankr. P. 9006(a) advisory committee's notes to 2009 amendment.

In other words, Cliffs knew or should have known that Rule 6 does not change the summary judgment deadline in the Court's scheduling order. November 10 was the date agreed by the parties and embodied in an order of the Court. Yet Cliffs nevertheless decided to take off the weekend, and it now wants the Court to give it extra time.

Unwilling to take responsibility for its misreading of the Rules, Cliffs has the temerity to blame Mesabi for its situation, suggesting that Mesabi wrongfully "sat on" Cliffs' request. Cliffs tellingly omits that it only informed Mesabi of its planned extension *at 5:53 pm on Friday evening*. Counsel for Mesabi responded Monday morning, about *two business hours* after Cliffs sent the email. Cliffs cannot reasonably ask for a faster response involving an important decision (Cliffs also did not follow up to press for an answer).

Moreover, it was decidedly *not* reasonable for Cliffs to elect to take off the weekend just one week before a major deadline without knowing if Mesabi would agree to extend the deadline, especially given how clear Mesabi has been throughout this litigation that it opposes further schedule extensions unless absolutely necessary. Cliffs' repeated observation that the case has been pending for six years merely reflects Cliffs' strategy to delay resolution of the case by any means and prejudice Mesabi and Great Lakes iron ore customers who would benefit from the infusion of competition to be brought about by Mesabi's mining project.

Because Cliffs put itself in this position by declining to perform the 20 minutes of legal research needed to understand how Rule 6 operates, Cliffs cannot show the "good cause" required to modify the schedule, D.I. 806 at ¶ 6, and thus it does not even matter if Mesabi would be prejudiced by extending the schedule. Cliffs simply cannot decide to relax for a weekend and then ask Mesabi to accommodate Cliffs' decision. Cliffs complains that it has other litigations pending, but apparently those litigations are not so demanding that they require weekend work. In any event, large corporations and their large law firms always have other matters ongoing (and one matter about which Cliffs complains is the appeal that Cliffs itself chose to file).


**WHITE & CASE**

Hon. J. Craig T. Goldblatt
November 7, 2023

Moreover, Mesabi would be prejudiced if Cliffs is allowed to file its motion on November 13, 2023. Mesabi's opposition brief is due on December 22, 2023. If Cliffs has those extra days to work on its summary judgment motion, Mesabi will have to either:

- Extend the deadline for its opposition brief into the Christmas holiday to maintain the parties' agreed time to prepare opposition briefs, or

- Sacrifice time that the parties agreed Mesabi would have to work on its opposition brief, giving Cliffs a six-day advantage (adding three days for Cliffs and taking three days from Mesabi).

The first option is prejudicial because it would require Mesabi to work over the Christmas holiday. Under the existing schedule, Mesabi already is having to work on its opposition brief over the Thanksgiving holiday. When the parties were negotiating the current schedule, Mesabi asked for only a one-week extension of expert discovery precisely to avoid making opposition briefs due after Christmas. Cliffs should not be able to use its own error to upend Mesabi's holiday plans.

The second option is prejudicial because it deprives Mesabi of critical time to work on its opposition brief. Cliffs has had seven months to prepare its summary judgment papers since the close of fact discovery. Mesabi, by contrast, will have six weeks to prepare its opposition to Cliffs' motion. Every day matters. Additionally, one of Mesabi's senior team members is taking maternity leave beginning November 22, 2023, and Cliffs' schedule would reduce the time she has to work on the opposition brief by 25%.

Cliffs argues that the "change falls equally on all parties." But the issues likely to be raised in Cliffs' motion, covering Mesabi's claims under section 1 and section 2 of the Sherman Act as well as other claims, will require more work to oppose than any motion Mesabi files. In any event, Cliffs does not get to impose its desired change on Mesabi just because the change also affects Cliffs.

For all these reasons, the Court should maintain the current schedule.

Sincerely,

**David H. Suggs**

cc:    Counsel of Record (via ECF)

# EXHIBIT A

| | |
|---|---|
| **From:** | Neiburg, Michael <MNeiburg@ycst.com> |
| **Sent:** | Monday, November 6, 2023 2:25 PM |
| **To:** | Nickita Barksdale |
| **Cc:** | Faxon, Robert S.; Morrison, Kristin S.M.; nicholas.pennington@stevenslee.com; Adonizio, Peter J.; GianClaudio ( JC ) Finizio; Steven D. Adler; Suggs, David; Grube, Brian K. |
| **Subject:** | Mesabi vs Cliffs - Case No. 17-51210 (CTG) - summary judgment filing deadline Adv DI 806 |

**Alert: This message is from an external sender. Use caution when opening attachments and clicking on links.**

Good afternoon Ms. Barksdale,

Cleveland-Cliffs is writing to get guidance from the Court on the effect of this Friday's Veterans Day holiday on the deadline for filing opening summary judgment briefs.  Cliffs' counsel asked counsel for Mesabi Metallics and for Tom Clarke on Friday, November 3, to confirm that the deadline should be Monday, November 13 to accommodate the holiday.  (See FRCP 6 (made applicable by FRBP 9006).)  Mr. Clarke's counsel responded with his agreement immediately.  After waiting 2.5 days to respond, Mesabi's counsel today informed Cliffs in a series of three emails that it did not agree that the Court holiday would impact the schedule because it is a date certain in the schedule.  At this point, however, Cliffs has acted in reliance on the Rules, Mesabi's silence Friday, and Mr. Clarke's agreement and did not have its team work through the weekend for a Friday deadline.  Despite this, Mesabi has indicated that it will not accept a Monday deadline, even with an offer of an accommodation to later briefing deadlines if needed.  Notably, Cliffs assumes all parties will be filing some motion and that the change falls equally on all parties.

Cliffs seeks the Court's guidance today to know what deadline to meet.  The summary judgment deadline was set for November 10 at Mesabi's request when they asked for an extension to the schedule to accommodate their experts.  When Cliffs agreed to Mesabi's request, it did not realize that the date Mesabi selected was a Court holiday.  Cliffs' counsel realized this last week and reached out to ensure each party was expecting the filing on the same day.  Mr. Clarke's counsel agreed; Mesabi sat on it, only responding a few hours ago.

Moreover, since setting the schedule in this case, schedules have been set in multiple other cases involving Mesabi and Cliffs.  Cliffs also had to respond today, November 6, to a motion filed by Mesabi in the Third Circuit and has a deadline on November 9 to respond to a brief filed by Mesabi in the Minnesota Court of Appeals, neither of which was calendared when the schedule was adjusted because of Mesabi's expert delay.

Cliffs respectfully requests that the Court confirm that the deadline should be Monday, November 13, to accommodate the Friday holiday.

Counsel for the other parties have been copied.

Best regards,
Mike



**Michael S. Neiburg, Partner**
Young Conaway Stargatt & Taylor, LLP
Rodney Square, 1000 North King Street
Wilmington, DE 19801
P:  302.576.3590
MNeiburg@ycst.com  |  www.youngconaway.com  |  vCard

This message may contain confidential attorney-client communications or other protected information. If you believe you are not an intended recipient (even if this message was sent to your e-mail address), you may not use, copy, or retransmit it. If you believe you received this message by mistake, please notify us by return e-mail, and then delete this message. Thank you for your cooperation.