# JONES DAY

NORTH POINT • 901 LAKESIDE AVENUE • CLEVELAND, OHIO 44114.1190

TELEPHONE: +1.216.586.3939 • JONESDAY.COM

Direct Number: +1.216.586.7108
JSAYWELL@JONESDAY.COM

March 21, 2024

<u>VIA ECF</u>

The Hon. Craig T. Goldblatt
United States Bankruptcy Court
for the District of Delaware
824 N. Market Street
3rd Floor, Courtroom #7
Wilmington, DE 19801

Re:    <u>Mesabi Metallics Company, LLC v. Cleveland Cliffs Inc. et al.</u>, Adv. Proc. No. 17-51210

Dear Judge Goldblatt:

In its March 18 letter (Adv. D.I. 1035), Mesabi offers four more pages of argument opposing Cliffs' summary-judgment motion. Cliffs sees no reason to respond in kind, line by line.

Suffice it to say here that Mesabi's sur-reply serves merely to explain what the issues are <u>not</u>. Mesabi says it is not raising an overbuying claim, as in <u>Weyerhaeuser</u>. It certainly appeared to Cliffs that may have been what Mesabi was after. And even now Mesabi seemingly argues that Cliffs "acquire[d] supplies obviously in excess of its needs." <u>Id.</u> at 4. But if that is not Mesabi's claim, <u>id.</u> at 3, then the letter raises the questions: What is the claim, and what standard applies?

Those are the questions on which the Court and counsel already engaged, <u>see</u>, <u>e.g.</u>, Adv. D.I. 952 at 4–10, and where Areeda (all of it, including section 768 and subsection a5) can be helpful. Cliffs' point is simply the "commonsense point"—backed up by the treatise and the caselaw—that a "miner . . . acquiring land on which the minerals are located" is not anticompetitive unless it did so not to possibly use the rights but solely to deny them to rivals (as in the two cases Mesabi cites, <u>Tops</u> and <u>Mushroom</u>). Adv. D.I. 1015 (Oral Arg. Tr.) at 179–81. If Cliffs had "purchased nothing but the exclusionary right" in this sort of "naked exclusion," then its GPIOP conduct theoretically could be anticompetitive. Philip E. Areeda et al., Antitrust Law ¶ 768a5 (2023). But if Cliffs used the rights (as it is now), or even if Cliffs had purchased the rights as "insurance against future shortages," then Cliffs cannot be held liable. <u>Id.</u> "[T]o buy what one needs for current production or reasonably anticipated needs is fully justified notwithstanding injury to rivals." <u>Id.</u> ¶ 768a1; <u>see also id.</u> ¶ 1202e2 ("plant site [with] proximity to raw materials"); ¶ 1202e4 ("[I]t would be very strange to say that a large oil company, for example, should be precluded from acquiring new mineral leases.").

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID
MELBOURNE • MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

The Hon. Craig T. Goldblatt
March 21, 2024
Page 2

      The evidence indisputably shows that Cliffs' GPIOP acquisition was no such naked exclusion; therefore no reasonable jury could conclude that the acquisition violated the antitrust laws. <u>See</u> Adv. D.I. 952 at 4–10. And so, even setting aside the other defects with Mesabi's GPIOP theory (<u>see id.</u> at 4–10, 31–34), the GPIOP theory cannot be part of this case. <u>See id.</u> at 20–21.

                                      Sincerely,

                                      <u>*/s/ James R. Saywell*</u>
                                      James R. Saywell
                                      *Counsel for Cleveland-Cliffs Inc. and*
                                      *Cleveland-Cliffs Minnesota Land Development*
                                      *LLC*

cc:      All counsel of record (via ECF)