## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ESSAR STEEL MINNESOTA LLC and ESML HOLDINGS INC., *et al.*, | Case No. 16-11626 (CTG) |
| Reorganized Debtors. | Jointly Administered |
| MESABI METALLICS COMPANY LLC, | Adv. Proc. No. 17-51210 (CTG) |
| Plaintiff, | **Related Docket No. 1020** |
| v. | |
| CLEVELAND-CLIFFS, INC., *et al.*, | |
| Defendants. | |

### ORDER GRANTING MOTIONS TO INTERVENE AND UNSEAL; STAYING ORDER PENDING APPEAL; AND STATING THAT THE COURT WILL CERTIFY A DIRECT APPEAL

In July 2023, Mesabi moved this Court to unseal certain documents attached to a motion for a preliminary injunction that it had filed.[1]  The documents in question were ones that Mesabi had obtained from Cliffs in discovery pursuant to a protective order that prohibited Mesabi from disclosing them to third parties.[2]  Invoking the common law right of access to court records, Mesabi sought to have those records unsealed, which would then permit it to do exactly what the protective order

---

[1] D.I. 774.  Mesabi Metallics Company LLC is referred to as "Mesabi."

[2] Cleveland-Cliffs, Inc. is referred to as "Cliffs."

prohibited – disclose those documents to anyone and everyone for reasons unrelated to the litigation.

Along the way, the parties reached a stipulation that narrowed down the universe of documents in question.  Some of the documents originally sought are sufficiently sensitive that they fall outside of the common law right of access.  The parties agreed on the subset of documents that met that exacting standard.  Mesabi thus pressed its motion only with respect to those documents that were properly designated as confidential under the protective order but not so highly sensitive as to fall within that exception.

This Court concluded that existing Third Circuit precedent could fairly be read to permit Mesabi to conduct, in effect, this type of end run around the Court's protective order by invoking the common law right of access.[3]  At the same time, the Court found that result to be at least a bit counterintuitive and not one that was squarely *required* by existing precedent.  The Court accordingly directed that the documents be unsealed (in accord with what the Court believes to be the better reading of the precedent) but at the same time certified the question for direct review to the Third Circuit.[4]  This Court also stayed the effectiveness of its order for 30 days in order to permit the Third Circuit the opportunity to grant a further stay while it considered the appeal if it believed that such a further stay were appropriate.[5]  The

---

[3] *Mesabi Metallics Company LLC v. Cleveland-Cliffs, Inc.,* Adv. Proc. No. 17-51210, 2023 WL 6202448 (Bankr. D. Del. Sept. 22, 2023).

[4] *Id.* at *10-11.

[5] *Id.* at *11.

Third Circuit granted the petition for direct appeal and stayed this Court's order pending disposition of that appeal.[6]

That brings us to the current motion. On February 26, 2024, Greg A. Heyblom, who describes himself as a resident of Nashwauk, Minnesota, filed a motion to intervene in this adversary for the purpose of moving to unseal "the records in this case."[7]  While that motion does not identify which records Heyblom seeks to unseal, the Court agrees with both Cliffs and Mesabi that in the context of this dispute, the request is best understood to seek the unsealing of those documents that are the subject of the pending Third Circuit appeal.[8]

Cliffs opposes the motion.[9]  It makes three principal arguments. *First*, Cliffs contends that the pendency of the existing appeal deprives this Court of jurisdiction to act on the motion under the appellate divestiture principle. *Second*, Cliffs argues that Heyblom lacks standing to invoke the common law right of access. And *third,* Cliffs asserts that Heyblom has failed to satisfy the requirements of Civil Rule 24 to intervene in the case. None of these arguments is persuasive.

1.    As Judge Andrews recently explained, it is true that when a case is on appeal, a lower court loses jurisdiction over the subject matter involved in the appeal.[10]  But that means that the trial court cannot be changing the order that is

---

[6] *See In re ESML Holdings Inc.*, Third Cir. No. 23-8043 (Order dated Oct. 16, 2023).

[7] D.I. 1020

[8] D.I. 1021 at 1, D.I. 1032 at 1. n.2.

[9] D.I. 1029.

[10] *In re Port Neches Fuels, LLC*, No. 23-255, 2024 WL 1298590, *12 (D. Del. Mar. 27, 2024).

the subject of the appeal.  As Judge Andrews wrote in *Port Neches*, a court retains the authority to enforce an order while it is on appeal.  The basic prohibition reflected in the appellate divestiture rule is the commonsense notion that a trial court may not pull the rug out from under the appellate court by altering the order that is the subject of the appeal.[11]

The question that is the subject of the pending appeal, however, relates to a party to the case that already has the documents it seeks to unseal, but has them subject to a protective order that prohibits that party from distributing those documents to third parties.  The central issue is whether such a party may free itself of those strictures by invoking the common law right of access to judicial records.  The premise of the question, however, is that a genuine third party would be entitled, under the common law right of public access, to require that the records be unsealed.  Permitting such a third party to obtain that access would in no way alter the order that is the subject of the appeal.  Rather, the problem here is that granting the relief would have the effect of mooting the appeal.  The Court will address that concern below.  But the Court does not believe that under these circumstances, the appellate divestiture rule operates to deprive it of subject-matter jurisdiction over Heyblom's motion.

---

[11] *See In re Port Neches Fuels, LLC*, No. 22-10500-CTG, 2023 WL 2992640, *2 (Bankr. D. Del. Apr. 18, 2023) ("At bottom, [the divestiture rule] is … a directive to trial courts that they should not play Lucy-and-the-football with the appellate courts; your decision may not be a moving target.  Once it is on appeal, the trial court should keep its hands off the decision that is the subject of the appeal.  Once Charlie Brown starts to run, the football needs to stay where it is.").

2.    The argument that Heyblom lacks standing to seek the records is also unsuccessful. Relying on the Supreme Court's decision in *TransUnion*, Cliffs argues that the denial of a right to get information is, by itself, insufficient to establish standing.[12] But that is incorrect. *Transunion* involved two types of "informational" injury claims. First, certain members of the class asserted that information of theirs, alleged to be inaccurate, was held in the defendant's database. Plaintiffs did not, however, allege that the defendant had disclosed that information to anyone. That was insufficient to establish standing. "The mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete harm."[13]

Second, and more directly relevant here, plaintiffs alleged that they were entitled to receive certain information from the defendant. But the claim asserted there (and that the Court found to be insufficient) was not that the plaintiffs were denied access to information to which they were entitled. "The plaintiffs did not allege that they failed to receive any required information. They argued only that they received it *in the wrong format*."[14] That is decisively different from the circumstance here.

In addition, the Third Circuit explained in *Kelly v. RealPage* that when a plaintiff's claim for "informational injury" is premised on a federal statute that creates an obligation to disclose certain information, "a plaintiff seeking to assert an

---

[12] *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021).

[13] *Id.* at 434.

[14] *Id.* at 441 (emphasis in original).

informational injury must establish a nexus among the omitted information to which she has entitlement, the purported harm actually caused by the specific violation, and the 'concrete interest' that Congress identified as 'deserving of protection' when it created the disclosure requirement."[15]

The Supreme Court has made clear, however, that in the context of the common law right of access to judicial records, the person's interest in understanding the workings of the judicial process is sufficient.

> It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents. In contrast to the English practice, American decisions generally do not condition enforcement of this right on a proprietary interest in the document or upon a need for it as evidence in a lawsuit. The interest necessary to support the issuance of a writ compelling access has been found, for example, in the citizen's desire to keep a watchful eye on the workings of public agencies, and in a newspaper publisher's intention to publish information concerning the operation of government.[16]

The breadth of that interest is sufficient to distinguish this case from the narrower type of statutory right of access with which the Third Circuit was concerned in *Kelly v. RealPage*. None of this is intended to minimize the jurisdictional requirement that there be an actual case or controversy. Here, Heyblom asserts that "Mesabi Metallics Company LLC, has plans to build a plant near enough to Nashwauk to have a beneficial impact on areas such as employment and taxes. Cleveland-Cliffs, Inc. does not. This gives the citizens of Nashwauk a specific interest

---

[15] *Kelly v. Realpage Inc.*, 47 F.4th 202, 213 (3d Cir. 2022).

[16] *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-598 (1978).

in this litigation."[17]   In the context of the common law right of access to judicial records, that interest is sufficient to satisfy the standing requirement.

3.     Cliffs also takes issue with Heyblom's motion to intervene, contending that he has not attached the pleading setting forth the specific relief that he is seeking as an intervenor.  There is certainly a sense in which intervention is an imperfect tool through which to assert a common law right of access to judicial records.  Indeed, the D.C. Circuit has explained, in language that largely echoes Cliffs' objection, that intervention under Rule 24 "would appear to be a questionable procedural basis for a third-party challenge to a confidentiality order.   Absent a statutory basis for intervention, Rule 24(b) requires that the would-be intervenor advance a 'claim or defense' that shares a common question with the claims of the original parties, with the apparent goal of disposing of related controversies together."[18]  The language of the rule, the D.C. Circuit explained, "appears to limit permissive intervention to circumstances in which the putative intervenor seeks to become involved in an action in order to litigate a legal claim or defense on the merits."[19]  The intervenor in that case, however, did "not seem to fit within these parameters.  [The intervenor] does not seek to resolve an issue on the merits that is in common with the claims of parties to the main action, but simply wants access to materials gathered or prepared by the original parties in the course of their litigation."[20]

---

[17] D.I. 1020 at 3.

[18] *E.E.O.C. v. National Children's Center, Inc.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998).

[19] *Id.*

[20] *Id.*

Nevertheless, the court added, "despite the lack of a clear fit with the literal terms of Rule 24(b), every circuit court that has considered the question has come to the conclusion that nonparties may permissively intervene for the purpose of challenging confidentiality orders."[21]    That includes the Third Circuit, which explained in *Pansy v. Borough of Stroudsburg* that "the procedural device of permissive intervention is appropriately used to enable a litigant who was not an original party to an action to challenge protective or confidentiality orders entered in that action."[22]  This Court accordingly concludes that Heyblom's motion is properly understood as a motion seeking permissive intervention under Rule 24(b), which is, under settled law, the proper vehicle for a member of the public to assert the common law right of access to judicial records.

* * *

As set forth above, the Court believes that the law requires it to grant Heyblom's motion.  There is, however, a point underlying Cliffs' argument that has real merit.  It is true that the Third Circuit has accepted a direct appeal from this Court in order to address the question previously raised about the invocation of the right of public access being used by a litigant as a tool to circumvent a properly imposed restriction on the dissemination of confidential information obtained in discovery.  And granting Heyblom's motion, as this Court believes the law requires it

---

[21] *Id.*

[22] *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994).

to do, would almost certainly operate to moot that appeal before the Third Circuit has the opportunity to consider that question.[23]

This Court believes that in light of the manner in which the litigation has unfolded, mooting the pending Third Circuit appeal is just a consequence of the straightforward application of existing legal principles.  That said, the Court also believes that in light of the fact that the Third Circuit elected to accept the direct appeal, it is only proper to offer that court the opportunity to consider that question, rather than for this Court to, in effect, make that decision for the Third Circuit.

The Court will therefore stay its decision directing that the documents in question be unsealed and, to permit this issue to reach the Third Circuit, certify this order for direct appeal on account of its relationship to the existing appeal in Third Circuit Case No. 23-2954.

For the foregoing reasons, Heyblom's motion to intervene is hereby GRANTED. The request to unseal the documents at issue (*see* D.I. 812) is also GRANTED.  This Order shall be STAYED, however, pending further order of either this Court or the Third Circuit in order to permit the Third Circuit to determine whether it is appropriate for this Order to become effective during the pendency of the existing appeal in Third Circuit Case No. 23-2954.

---

[23] A case could certainly be made that the circumstances of Heyblom's motion underscore the difficulty of policing any principle that would prevent a party from circumventing a valid protective order by moving to unseal the documents in question.  Indeed, Cliffs suggests that Heybolom is not a genuine third party but is working in concert with Mesabi.  D.I. 1029 at 2. In light of the procedural posture of the motion, however, the Court has no evidence that would permit it to assess that claim.

The Court will also, pursuant to 28 U.S.C. § 158(d)(2)(A), certify a direct appeal from this Order (by separate document, as provided in Bankruptcy Rule 8007(e)(1)).


Dated: April 8, 2024

_____
CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE