# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>ESSAR STEEL MINNESOTA LLC and ESML HOLDINGS INC.,<br><br>        Reorganized Debtors. | Chapter 11<br><br>Case No. 16-11626 (CTG)<br><br>(Jointly Administered) |
| MESABI METALLICS COMPANY LLC (F/K/A ESSAR STEEL MINNESOTA LLC),<br><br>        Plaintiff,<br><br>    v.<br><br>CLEVELAND-CLIFFS INC., *et al.*,<br><br>        Defendants. | Adv. Proc. No. 17-51210 (CTG) |
| CLEVELAND-CLIFFS INC., *et al.*,<br><br>        Counterclaim-Plaintiffs,<br><br>    v.<br><br>MESABI METALLICS COMPANY LLC,<br><br>        Counterclaim-Defendant. | |
| CLEVELAND-CLIFFS INC., *et al.*,<br><br>        Third-Party-Plaintiffs,<br><br>    v.<br><br>CHIPPEWA CAPITAL PARTNERS, LLC,<br><br>        Third-Party-Defendant.[1] | |

**BRIEF IN SUPPORT OF DEFENDANTS CLEVELAND-CLIFFS INC. AND CLEVELAND-CLIFFS MINNESOTA LAND DEVELOPMENT LLC'S <u>MOTION TO ALTER OR AMEND JUDGMENT</u>**

---

[1] Counterclaim-Plaintiffs Cleveland-Cliffs Inc. and Cleveland-Cliffs Minnesota Land Development LLC respectfully disagree that their claims against Chippewa Capital Partners, LLC are third-party claims rather than counterclaims in this action.

# TABLE OF CONTENTS

| | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| INTRODUCTION | 1 |
| ARGUMENT | 1 |
| CONCLUSION | 4 |

**TABLE OF AUTHORITIES**

Page

**Cases**

Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99 (E.D. Va. 1983) ..................... 2

Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239 (D. Del. 1990) .............................................. 2

EEOC v. National Children's Center, Inc., 146 F.3d 1042 (D.C. Cir. 1998) ................................. 2

In re 15375 Mem'l Corp., 386 B.R. 548 (Bankr. D. Del. 2008), rev'd on other grounds,
    400 B.R. 420 (D. Del. 2009) .................................................................................................. 1

In re Energy Future Holdings Corp., 575 B.R. 616 (Bankr. D. Del. 2017) .................................... 1

Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669 (3d Cir. 1999) .................. 1

NAACP v. New York, 413 U.S. 345 (1973) .................................................................................. 4

P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F. Supp. 2d 349 (D.N.J. 2001) .............. 1

Pennsylvania v. Rizzo, 530 F.2d 501 (3d Cir. 1976) .................................................................... 4

Skeans v. Key Com. Fin., LLC, No. 18-1516, 2022 U.S. Dist. LEXIS 12200
    (D. Del. Jan. 24, 2022) .......................................................................................................... 3

Transource Pa., LLC v. Dutrieuille, No. 21-2567, 2022 U.S. App. LEXIS 17285
    (3d Cir. June 22, 2022) .......................................................................................................... 3

**Rules**

Bankruptcy Rule 9023 ................................................................................................................... 1

Rule 24 ............................................................................................................................... 1, 2, 3, 4

**Treatises**

7C Fed. Prac. & Proc. Civ. § 1916 (3d ed. Sept. 2023 update) ..................................................... 4

## INTRODUCTION

Through this motion, Cliffs asks the Court to reconsider its order granting intervention (D.I. 1044 (the "Order")), so that the Order addresses two arguments that Cliffs raised but the Court did not address. Each argument provides an independent ground to deny Heyblom's motion:

1. Heyblom's motion failed to comply with the mandatory pleading requirements in Rule 24(c). D.I. 1029 ("Cliffs' Opp'n") at 10–13.

2. Heyblom's motion was untimely. Id. at 13–16.

Reconsideration is needed to ensure that the Court's reasoning on all issues is appropriately presented for any appeal, with the understanding that the Court may reach the same result. Cliffs appreciates that, "in light of the fact that the Third Circuit elected to accept the direct appeal," this Court stayed its Order and certified it for review by the Third Circuit. Order at 9; see D.I. 1045. Cliffs will take that appeal if this Court's disposition stands, but no appeal may be necessary if reconsideration is granted. Accordingly, and without rearguing any issue this Court already rejected in the Order, Cliffs respectfully asks the Court to reconsider the Order, resolve the two unaddressed arguments, and deny Heyblom's motion to intervene.

## ARGUMENT

Reconsideration is warranted when the court does not address an argument that was raised and that argument would require a different result. See, e.g., P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 2001); In re 15375 Mem'l Corp., 386 B.R. 548, 550–51 (Bankr. D. Del. 2008), rev'd on other grounds, 400 B.R. 420 (D. Del. 2009); see also Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).[2]

---

[2] A motion for reconsideration is, strictly speaking, a motion to alter or amend the judgment under Rule 59(e) via Bankruptcy Rule 9023. See, e.g., In re Energy Future Holdings Corp., 575 B.R. 616, 627–28 (Bankr. D. Del. 2017). Whatever the motion is called, though, the standards for granting it are the same. Id.

Reconsideration is also appropriate when the Court appears to have "misunderstood a party." Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1241 (D. Del. 1990) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)).

Both things appear to have happened here. The Order seems to overlook two of Cliffs' arguments for why, regardless whether Heyblom sought mandatory or permissive intervention, his motion should be denied under Rule 24. This Court, after rejecting Cliffs' two jurisdictional arguments (in sections 1 and 2 of the Order), concluded in section 3 that Heyblom's intervention motion "is properly understood as a motion seeking permissive intervention under Rule 24(b)." Order at 8. The Court then stopped its Rule 24 analysis and concluded that "the law requires it to grant Heyblom's motion." Id.

With respect, though, that determination should have been just the starting point for the intervention analysis. As Cliffs explained, all intervention motions must still comply with Rule 24(c). Cliffs' Opp'n at 10–13. And all intervention motions must be timely. Id. at 3, 13–16. To the extent the Order addresses Cliffs' Rule 24 arguments, it "appears that the court has [unfortunately] misunderstood" Cliffs' position. See Brambles USA, 735 F. Supp. at 1241. The Order explains that the D.C. Circuit's decision in EEOC v. National Children's Center, Inc., 146 F.3d 1042 (D.C. Cir. 1998), "largely echoes Cliffs' objection" to Heyblom's intervention motion. Order at 7. But the cited portion of National Children's Center analyzed only whether the district court had properly applied Rule 24(b) in allowing permissive intervention, not whether the intervenor had complied with Rule 24(c). See 146 F.3d at 1045. Cliffs' Rule 24 objections, on the other hand, turn on Heyblom's failure to comply with Rule 24(c) and on the timeliness of his motion. Cliffs' Opp'n at 13–16. This Court does not appear to have resolved either argument— and either would require a different result.

2

1. Rule 24(c).  Under Rule 24(c), a motion to intervene (of whatever sort) "must . . . be accompanied by a pleading that sets out the claim or defense for which intervention is sought."  As courts throughout this Circuit have held, when a party's intervention motion "[i]s not accompanied by a pleading[,] . . . [it] fail[s] to comply with Rule 24(c)," requiring the court to "deny the motion."  E.g., Skeans v. Key Com. Fin., LLC, No. 18-1516, 2022 U.S. Dist. LEXIS 12200, *6 (D. Del. Jan. 24, 2022) ("I agree . . . that Peterson's invention motion was procedurally defective. . . . [His] motion was not accompanied by a pleading and therefore he failed to comply with Rule 24(c).  Accordingly, I will deny the motion."); see also Transource Pa., LLC v. Dutrieuille, No. 21-2567, 2022 U.S. App. LEXIS 17285, *8–9 (3d Cir. June 22, 2022) (affirming denial of a motion to intervene for failure to comply with Rule 24(c)).

Heyblom undisputedly failed to comply with Rule 24(c).  This failure prejudiced Cliffs, including by preventing Cliffs from being able to address the merits of his motion to unseal before the Court granted it.  If Heyblom had complied with Rule 24(c), including by attaching a pleading with his requested relief, Cliffs could have addressed that relief head on, such as by deposing Heyblom to determine whether he "is not a genuine third party but is working in concert with Mesabi." Order at 9 n.23.  Even if not that, at least the Court and parties would have understood the scope of the relief Heyblom sought (the unsealing of all records, as Heyblom initially requested; or the same relief as Mesabi, as this Court seems to have narrowed his request).

The Order does not discuss Heyblom's failure to comply with Rule 24(c).  By its terms, Rule 24(c) is mandatory—the would-be intervenor "must" attach a pleading with his requested relief.  This Court should have followed the Rule and required Heyblom to do so; and, only if he did so (as well as met the other requirements of Rule 24), should the Court have granted intervention.  Then and only then, with a proper pleading in hand requesting certain records

unsealed, should the Court have addressed the motion to unseal (after briefing on that motion, which did not occur). This Court should grant reconsideration to follow this proper path.

2. <u>Timeliness</u>. Separately and independently, by the text of Rule 24, "[a]ll motions to intervene must be timely, and Heyblom's is not, necessitating its denial." Cliffs' Opp'n at 13 (citing <u>NAACP v. New York</u>, 413 U.S. 345, 365 (1973)). The Order says nothing about whether Heyblom's motion is timely.

Cliffs will not recount its argument on this issue. Cliffs' Opp'n at 3, 13–16. The rule is simple: When, as here, a putative intervenor waits not only until after final judgment but also until <u>after the opening brief is filed on appeal</u>—with no explanation in his motion for the delay—"[t]here is even more reason to deny [his] application to intervene." 7C Fed. Prac. & Proc. Civ. § 1916 & n.25 (3d ed. Sept. 2023 update) (collecting cases); see <u>Pennsylvania v. Rizzo</u>, 530 F.2d 501 (3d Cir. 1976). Heyblom's motion should have been denied as untimely, and this Court should grant reconsideration to so hold.

## **CONCLUSION**

For these reasons, the Court should grant Cliffs' motion to alter or amend the Order and deny Heyblom's motion to intervene.

*[Remainder of page intentionally left blank]*

| | |
|---|---|
| Dated: April 22, 2024 | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Michael S. Neiburg*<br>Michael S. Neiburg (No. 5275)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>Telephone: 302.571.6600<br>Facsimile: 302.571.1253<br>Email: mneiburg@ycst.com<br><br>-and-<br><br>JONES DAY<br>Robert S. Faxon (admitted pro hac vice)<br>Kristin S.M. Morrison (admitted pro hac vice)<br>Brian K. Grube (admitted pro hac vice)<br>James R. Saywell (admitted pro hac vice)<br>Brett Bell (admitted pro hac vice)<br>North Point<br>901 Lakeside Avenue<br>Cleveland, OH 44114.1190<br>Telephone: 216.586.3939<br>Facsimile: 216.579.0212<br>E-mail: rfaxon@jonesday.com<br>      kmorrison@jonesday.com<br>      bkgrube@jonesday.com<br>      jsaywell@jonesday.com<br>      bbell@jonesday.com<br><br>*Attorney for Cleveland-Cliffs Inc. and*<br>*Cleveland-Cliffs Minnesota Land Development LLC* |

5