# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ESSAR STEEL MINNESOTA LLC and ESML HOLDINGS INC., <br><br>　　　Reorganized Debtors. | Chapter 11<br><br>Case No. 16-11626 (CTG)<br><br>Jointly Administered |
| MESABI METALLICS COMPANY LLC (f/k/a Essar Steel Minnesota, LLC),<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>CLEVELAND-CLIFFS INC., *et al.*,<br><br>　　　Defendants. | Adv. Proc. No. 17-51210 (CTG)<br><br>**Related Docket Nos. 833, 835, 836, 870, 873, & 876** |
| CLEVELAND-CLIFFS INC., *et al.*,<br><br>　　　Counterclaim-Plaintiffs,<br><br>　　　v.<br><br>MESABI METALLICS COMPANY LLC,<br><br>　　　Counterclaim-Defendant. | |
| CLEVELAND-CLIFFS INC., *et al.*,<br><br>　　　Third-Party-Plaintiffs,<br><br>　　　v.<br><br>CHIPPEWA CAPITAL PARTNERS, LLC,<br><br>　　　Third-Party-Defendant. | |

## NOTICE OF DOCKETING OF MEMORANDUM OPINION

The parties to this above-captioned adversary proceeding are hereby notified that the Court today docketed its Memorandum Opinion addressed to the pending motions *in limine* and motions for summary judgment. [D.I. 1070]. The Memorandum Opinion concludes that each of the *in limine* motions [D.I. 870, 873, 876] should be denied. It further concludes, with respect to the motions for partial summary judgment filed by Mesabi and Chippewa [D.I. 833, 835] and the motion for summary judgment filed by Cliffs [D.I. 836], that:

- Mesabi is entitled to summary judgment with respect to the definition of the relevant market and with respect to the question whether Cliffs had monopoly power;

- Cliffs is not entitled to summary judgment on its contentions that it did not exercise monopoly power, that it did not cause Mesabi antitrust injury, and that Mesabi is unable to establish that it suffered damages;

- Cliffs is entitled to summary judgment on Mesabi's claim for tortious interference with contract and to partial summary judgment on Mesabi's claim for tortious interference with business relationships;

- Mesabi and Chippewa are entitled to summary judgment on Cliffs' claim for tortious interference with business relationships; and

- Both sides' conspiracy claims fail as a matter of law, accordingly both sides (as defendants) are entitled to summary judgment on each other's claims.

The Memorandum Opinion quotes and cites materials that were designated as confidential under the terms of the protective order and filed under seal. The Court does not believe, however, that any of the information contained in the Memorandum Opinion is likely to be sufficiently sensitive or confidential that it would fall outside of the public's right to access judicial records. In order to preserve the parties' rights to argue to the contrary, the Memorandum Opinion has been docketed under seal so that it is accessible only to the parties to this adversary proceeding. Those parties are hereby directed to treat the Memorandum Opinion as confidential under the terms of the applicable protective order.

The Court intends to docket the Memorandum Opinion publicly by no later than September 6, 2024. Any party that contends that any portion of the Memorandum Opinion can and should be redacted, consistent with applicable legal principles, shall file a brief seeking such redaction, and setting forth the legal and factual basis therefor, by no later than 3:00 p.m. on September 3, 2024. The Court will thereafter issue the Memorandum Opinion on the public docket as promptly as is practicable.

Dated: August 27, 2024

CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE