# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ESSAR STEEL MINNESOTA LLC and ESML HOLDINGS INC.,<br><br>    Reorganized Debtors. | Chapter 11<br><br>Case No. 16-11626 (CTG)<br><br>Jointly Administered |
| MESABI METALLICS COMPANY LLC (f/k/a Essar Steel Minnesota, LLC),<br><br>    Plaintiff,<br><br>v.<br><br>CLEVELAND-CLIFFS INC., *et al.*,<br><br>    Defendants. | Adv. Proc. No. 17-51210 (CTG)<br><br>**Related Docket No. 1072** |
| CLEVELAND-CLIFFS INC., *et al.*,<br><br>    Counterclaim-Plaintiffs,<br><br>v.<br><br>MESABI METALLICS COMPANY LLC,<br><br>    Counterclaim-Defendant. | |
| CLEVELAND-CLIFFS INC., *et al.*,<br><br>    Third-Party-Plaintiffs,<br><br>v.<br><br>CHIPPEWA CAPITAL PARTNERS, LLC,<br><br>    Third-Party-Defendant. | |

## ORDER REGARDING PUBLIC FILING OF MEMORANDUM OPINION

On August 27, 2024, this Court issued a Notice of Docketing of Memorandum Opinion.[1] That notice publicly disclosed the Court's resolution of the *in limine* motions and motions for summary judgment pending before it. The notice indicated, however, that the Memorandum Opinion in which the Court set forth the reasons for those conclusions would be filed under seal. The Court's concern was that many of the documents cited and quoted in the Memorandum Opinion were the subject of disputes between the parties regarding confidentiality. While the Court noted that it doubted that any of the information contained in the Memorandum Opinion was likely to be sufficiently sensitive to warrant protection, it filed the Memorandum Opinion under seal in order to provide the parties the opportunity to argue that some portion of the Memorandum Opinion should be redacted before it is filed publicly.

Cliffs has filed a brief that seeks two categories of redactions.[2] *First*, some of the materials quoted or cited in the Memorandum Opinion was designated by one or more of the parties (or third parties) as "confidential" under the protective order in place in this matter. It is true that the Third Circuit will soon be hearing argument in Cliffs' appeal (on certification from this Court) from orders of this Court that required the unsealing of the documents at issue. Cliffs asks that citations to and quotations from those documents be redacted out of respect for the Third Circuit.

---

[1] D.I. 1071.

[2] D.I. 1072.

The Court does not agree that the pendency of those appeals requires the redaction of the information in question.  The question in that appeal is whether one should be permitted, in effect, to circumvent a valid protective order by attaching otherwise confidential information to a pleading, and then seeking to unseal that pleading.  This Court ruled that existing Third Circuit law required the unsealing of such information unless the matter met the high standard for maintaining confidentiality under the doctrine of public access to judicial records.  Even if Cliffs is correct in its argument on appeal (either because this Court misconstrued existing precedent or because the Third Circuit concludes that an exception to the principles announced in its prior cases is appropriate in this circumstance), that still would not provide a basis to redact the Memorandum Opinion.  The reasons a court sets forth for its resolution of a dispute lie at the core of the public right of access to judicial records.  The designation of such information as confidential cannot be a basis for barring public access to such information.  Rather, such information can only be shielded from public view if it meets the demanding standard set forth in *Avandia*.[3]  Cliffs does not suggest that the information in this first category meets that standard.  Nor would filing the opinion on an unredacted basis moot the existing Third Circuit appeal, as that appeal involves information beyond what will become public through the public filing of the Court's Memorandum Opinion.

---

[3] *See In re Avandia Marketing, Sales Practices and Prod. Liability Litig.*, 924 F.3d 662 (3d Cir. 2019).

*Second*, Cliffs points to a smaller universe of information that it says should be protected because the documents at issue are properly protected under *Avandia*. Cliffs may well be correct that the documents cited in the Memorandum Opinion contain information about pricing or specifications that is sufficiently competitively sensitive that the information is properly protected under *Avandia*. But even if Cliffs is correct that the documents cited contain such information, the Memorandum Opinion itself does not reveal any such information. Based on the points Cliffs makes in its brief, the Court does not believe that the public filing of the Court's Memorandum Opinion will cause the kind of competitive injury to Cliffs that would satisfy *Avandia* and thus warrant the filing of a redacted opinion on the public docket.

The Court will accordingly docket the August 27, 2024 Memorandum Opinion on the Court's public docket.

Dated: September 4, 2024

_____
CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE