# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

CRAIG T. GOLDBLATT
JUDGE

824 N. MARKET STREET
WILMINGTON, DELAWARE
(302) 252-3832



October 4, 2024

**VIA CM/ECF**

Re:  *In re Essar Steel Minnesota LLC and ESML Holdings Inc.*, Case No. 16-11626

*Mesabi Metallics Company LLC v. Cleveland-Cliffs Inc., et al.*, Adv. Proc. No. 17-51210

Dear Counsel:

The background in this long-running dispute is set forth in detail in this Court's Memorandum Opinion that addressed the parties' motions *in limine* and for summary judgment.[1] This Letter Opinion addresses Cliffs' motion to alter or amend the Memorandum Opinion.[2] Because this Letter Opinion is intended for the benefit of the parties (and the district court, to the extent that court finds it useful) the Court will assume the reader's familiarity with the parties' dispute and the issues addressed in the Memorandum Opinion.

---

[1] The Memorandum Opinion is docketed at D.I. 1074 and is referred to as the "Memorandum Opinion."

[2] D.I. 1075. Defendant Cleveland-Cliffs, Inc., along with its subsidiary, Cleveland-Cliffs Minnesota Land Development LLC, are referred to as "Cliffs." Plaintiff Mesabi Metallics Company LLC is referred to as "Mesabi."

*In re Essar Steel Minnesota LLC and ESML Holdings Inc.*, Case No. 16-11626; *Mesabi Metallics Company LLC v. Cleveland-Cliffs Inc., et al.*, Adv. Proc. No. 17-51210
October 4, 2024
Page 2 of 7

As an initial matter, the Court notes that it rejects Mesabi's assertion that Cliffs' motion is nothing more than a delay tactic. The Memorandum Opinion addressed extensive and complex briefing on a voluminous record. To be sure, finality is an important objective. For this reason, caselaw imposes a high standard that must be met before a party is entitled to obtain relief on a motion seeking reconsideration.[3] At the same time, the Court's paramount obligation is to get it right. Particularly in light of the complexity of the record before it, this Court begins with the premise that it is entirely possible that there is something in its Memorandum Opinion that would benefit from clarification or might justify a second look. To the extent the Court inadvertently introduced confusion or overlooked evidence that was properly called to its attention, the Court believes it far better for those matters to be clarified or corrected now, rather than to burden the district court or the court of appeals with the consequences of such an error.

I. **The Court clarifies that the motions *in limine* are denied without prejudice.**

To the extent there was any ambiguity in the Court's Memorandum Opinion, this is intended to clarify that the Court's disposition of the motions *in limine* was intended to be limited to determining what evidence could properly be considered at the summary judgment stage. None of the rulings was intended to limit the rights of

---

[3] *See In re Vehicle Carrier Servs. Antitrust Litig.*, 846 F.3d 71, 87 (3d Cir. 2017).

*In re Essar Steel Minnesota LLC and ESML Holdings Inc.*, Case No. 16-11626; *Mesabi Metallics Company LLC v. Cleveland-Cliffs Inc., et al.*, Adv. Proc. No. 17-51210
October 4, 2024
Page 3 of 7

the parties in any way with respect to the evidence that will be admissible at trial.[4] The *in limine* motions sought to exclude the testimony of three of Mesabi's expert witnesses – Emmott, Zona, and Davis. The Court concluded that Emmott's testimony could properly be considered in connection with the summary judgment motions.[5] That motion was accordingly denied. And because the Court concluded that it could properly resolve the summary judgment motions without considering the testimony of either Zona or Davis, it denied the motions to exclude their testimony as moot – the notion being that the determination that the summary judgment motions were properly decided without relying on their testimony effectively mooted the question whether that testimony was admissible.[6]

These rulings were strictly limited to the context of the summary judgment motions and are therefore all without prejudice to the parties' rights to argue, and the district court's authority to decide, what evidence will be admissible at trial. To

---

[4] *See* Memorandum Opinion at 20 ("In light of the procedural posture of this non-core matter, the parties agree that these motions are intended only to address the scope of the record this Court considers in connection with the summary judgment motions[.]  [This opinion therefore] … is not intended to constrain the district court's exercise of its own judgment in ultimately deciding what testimony is properly admissible at trial.  Accordingly, in addressing this motion, the Court is determining the admissibility of the expert opinions only to the extent the Court is otherwise relying on the expert's opinion (either directly, or indirectly, if the opinion forms the basis of another expert's opinion on which the Court relies) in this Memorandum Opinion.") (bracketed language correcting a typographical error in the Memorandum Opinion that Cliffs identifies in its motion).

[5] *Id.* at 23-24.

[6] *Id.* at 24-25.

Case 17-51210-CTG    Doc 1079    Filed 10/04/24    Page 4 of 7

*In re Essar Steel Minnesota LLC and ESML Holdings Inc.*, Case No. 16-11626; *Mesabi Metallics Company LLC v. Cleveland-Cliffs Inc., et al.*, Adv. Proc. No. 17-51210
October 4, 2024
Page 4 of 7

the extent the Memorandum Opinion was ambiguous in that regard, the Court hopes that the matter is now clear.

## II. Cliffs' motion for reconsideration of the denial of its motion for summary judgment on Mesabi's claim for tortious interference with its business relationship with AMUSA is denied.

Mesabi asserts claims against Cliffs for tortious interference with contract and tortious interference with prospective business advantage. Cliffs sought summary judgment on both of those counts. The Court granted Cliffs' motion on the claim for tortious interference with contract.[7] On the claim of tortious interference with prospective business advantage, the Court granted Cliffs' motion in part, limiting the surviving claim to those specific business relationships as to which Mesabi had presented evidence of interference.

Cliffs is correct that in the section of Mesabi's brief opposing summary judgment on that count, Mesabi did not point to evidence of Cliffs' interference with Mesabi's business relationship with AMUSA.[8] That said, in its introductory discussion of the facts, Mesabi did point to specific evidence that would be sufficient to support a claim of tortious interference with Mesabi's business relationship with AMUSA.[9] The Court pointed to that very evidence in the Memorandum Opinion.[10] The Court accordingly concluded that, despite Mesabi's failure to point to this

---

[7] *Id.* at 79-82.

[8] *See* D.I. 894 at 73-75.

[9] *Id.* at 9-10.

[10] Memorandum Opinion at 52-53.

Case 17-51210-CTG    Doc 1079    Filed 10/04/24    Page 5 of 7

*In re Essar Steel Minnesota LLC and ESML Holdings Inc.*, Case No. 16-11626; *Mesabi Metallics Company LLC v. Cleveland-Cliffs Inc., et al.*, Adv. Proc. No. 17-51210
October 4, 2024
Page 5 of 7

evidence in the particular section of its brief, the existence of such evidence in the summary judgment record provided a sufficient basis to deny Cliffs' motion for summary judgment with respect to the claim for tortious interference with that relationship. Cliffs' motion for reconsideration on this point is accordingly denied.

**III.   Cliffs is correct that the Court's Memorandum Opinion neglected to address the evidence with respect to certain elements of Mesabi's claim for tortious interference with its relationship with Glacier Park; but Mesabi is correct that the evidence in the record is sufficient to permit a reasonable factfinder to find in Mesabi's favor on those elements.**

Cliffs' summary judgment motion argued that Mesabi had failed to present evidence that would support a finding in its favor on several elements of the claim that Cliffs had tortiously interfered with Mesabi's relationship with Glacier Park. Cliffs is correct that the Court's Memorandum Opinion neglected to address one of the arguments Cliffs raised. The Memorandum Opinion does not discuss the evidence regarding the element of the claim that requires a showing that Mesabi had a reasonable expectation of entering into an agreement with Glacier Park (element 1).[11] The Court very much believes that the parties are entitled to have the Court fairly engage all of the arguments that they present and takes responsibility for this oversight on its part. The Court appreciates the opportunity to correct this error.

That said, Mesabi is correct that in response to Cliffs' motion, it did point to evidence that would support a finding that Chippewa and Glacier Park were close to

---

[11] D.I. 837 at 57.

*In re Essar Steel Minnesota LLC and ESML Holdings Inc.*, Case No. 16-11626; *Mesabi Metallics Company LLC v. Cleveland-Cliffs Inc., et al.*, Adv. Proc. No. 17-51210
October 4, 2024
Page 6 of 7

an agreement in November 2017 under which Chippewa would acquire the Glacier Park leases.[12] The Court pointed to this very evidence in its description of the antitrust claims.[13] That evidence would permit a reasonable factfinder to rule in Mesabi's favor with respect to the first element of the claim for tortious interference with its business relationship with AMUSA.

Finally, the parties dispute whether, with respect to this same claim of tortious interference with Mesabi's business relationship with AMUSA, Cliffs raised the element of causation in its summary judgment motion. Mesabi may well be correct that Cliffs' opening brief does not point to that element.[14]

In any event, the same universe of evidence that would support a finding that Chippewa and Glacier Park were close to a lease agreement in November 2017 would also support a finding on the element of causation. Specifically, Mesabi pointed to evidence of Cliffs' decision, also in November 2017, to enter into negotiations with Glacier Park to acquire those same leases. And it is undisputed that Cliffs ultimately did acquire those leases from Glacier Park. That is sufficient to support a finding on the element of causation. The Court accordingly denies reconsideration on this point.

---

[12] D.I. 894 at 29.

[13] Memorandum Opinion at 60-61 & n.216.

[14] *See* D.I. 837 at 55-60.

*In re Essar Steel Minnesota LLC and ESML Holdings Inc.*, Case No. 16-11626; *Mesabi Metallics Company LLC v. Cleveland-Cliffs Inc., et al.*, Adv. Proc. No. 17-51210
October 4, 2024
Page 7 of 7

## Conclusion

For the reasons set forth herein, the Court clarifies that the denial of the motions *in limine* is without prejudice. Cliffs' motion for reconsideration is otherwise denied. The Court will issue a separate order so providing.

Dated: October 4, 2024

CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE