Civil Action No. 24-_____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| ESSAR STEEL MINNESOTA LLC and ESML HOLDINGS INC., | Case No. 16-11626 (CTG) |
| Reorganized Debtors. | (Jointly Administered) |
| MESABI METALLICS COMPANY LLC (F/K/A ESSAR STEEL MINNESOTA LLC), | Adv. Proc. No. 17-51210 (CTG) |
| Plaintiff and Appellee, | |
| v. | |
| CLEVELAND-CLIFFS INC., *et al*., | |
| Defendants and Appellants. | |
| CLEVELAND-CLIFFS INC., *et al*., | |
| Counterclaim-Plaintiffs, | |
| v. | |
| MESABI METALLICS COMPANY LLC, | |
| Counterclaim-Defendant. | |
| CLEVELAND-CLIFFS INC., *et al*., | |
| Third-Party-Plaintiffs, | |
| v. | |
| CHIPPEWA CAPITAL PARTNERS, LLC , | |
| Third-Party-Defendant.[1] | |

**DEFENDANTS AND APPELLANTS CLEVELAND-CLIFFS INC. AND
CLEVELAND-CLIFFS MINNESOTA LAND DEVELOPMENT LLC'S
OBJECTIONS TO PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

---

[1]    Counterclaim-Plaintiffs Cleveland-Cliffs Inc. and Cleveland-Cliffs Minnesota Land Development LLC respectfully disagree that their claims against Chippewa Capital Partners, LLC are third-party claims rather than counterclaims in this action.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Michael S. Neiburg (No. 5275)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: 302.571.6600
Facsimile: 302.571.1253
Email: mneiburg@ycst.com

JONES DAY
Robert S. Faxon (*pro hac vice* forthcoming)
Kristin S.M. Morrison (*pro hac vice* forthcoming)
James R. Saywell (*pro hac vice* forthcoming)
North Point
901 Lakeside Avenue
Cleveland, OH 44114.1190
Telephone: 216.586.3939
Facsimile: 216.579.0212
E-mail: rfaxon@jonesday.com
        kmorrison@jonesday.com
        jsaywell@jonesday.com

*Attorneys for Cleveland-Cliffs Inc. and Cleveland-Cliffs Minnesota Land Development LLC*

Dated:  October 22, 2024

Pursuant to Federal Rule of Bankruptcy Procedure 8012, the undersigned counsel of record for Cleveland-Cliffs Inc. and Cleveland-Cliffs Minnesota Land Development LLC states:

- Cleveland-Cliffs Inc. has no corporate parent and no other publicly held corporation, except BlackRock, Inc., owns 10% or more of Cleveland-Cliffs Inc.'s stock.; and

- Cleveland-Cliffs Inc. is the corporate parent of Cleveland-Cliffs Minnesota Land Development LLC and no publicly held corporation owns 10% or more of Cleveland-Cliffs Minnesota Land Development LLC's stock.

Defendants Cleveland-Cliffs Inc. and Cleveland-Cliffs Minnesota Land Development LLC (collectively, "Cliffs") moved earlier today under 28 U.S.C. § 158(a)(3) and Federal Rule of Bankruptcy Procedure 8004 for leave to appeal the bankruptcy court's summary-judgment order (D.I. 1083). [D.I. 1089, 1090.]  As relevant here, the appealed-from order granted Plaintiff Mesabi Metallics Company LLC's affirmative motion for summary judgment on two elements of Mesabi's antitrust claims (*see also* D.I. 1074 (opinion)).  That appeal is warranted for the reasons stated in Cliffs' motion.

Through this alternative filing, made under Rule 9033 of the Federal Rules of Bankruptcy Procedure, Cliffs objects to the bankruptcy court's findings of fact and conclusions of law related to monopoly power, which are contained in that order.  *See* D.I. 1083 at ¶ 3 ("[T]he Court concludes [1] that the relevant market is blast furnace pellets in the Great Lakes Region and [2] that Cliffs had monopoly power in the relevant market from 2015 through 2019.").

If this Court grants Cliffs leave to appeal under § 158, that would obviate the need for this Court to review this filing:  This Court would review the entire order via the § 158 appeal.  But if this Court *denies* Cliffs leave to appeal under § 158, then it should review, under Bankruptcy Rule 9033, the conclusions in the bankruptcy court's order related to monopoly power.  *See id.*

**1.**  In this non-core ("related to") bankruptcy case, Article III entitles Cliffs to district-court review of all the bankruptcy court's findings and conclusions before judgment may be entered. *See Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 33-34 (2014); *see also* 28 U.S.C. § 157(c) ("A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11.  In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court.").  "The district judge shall make a de novo review upon the record" of any objected-to findings or conclusions, affording "no

presumption of validity" to the bankruptcy court. *In re Insys Therapeutics Inc.*, 2024 WL 3618140, at *3 (D. Del. July 31, 2024) (internal quotation marks omitted) (addressing jurisdiction and standard of review for Rule 9033 objections to grant of partial summary judgment).

The easiest way to review those conclusions is by granting the § 158 appeal, which Cliffs requested earlier today. That would permit this Court to review the summary-judgment order afresh, ensuring that a trial—if any—is fair and governed by the appropriate legal standards.

Without a § 158 appeal, there may be no other practicable way for this Court to review the conclusions related to monopoly power, in particular. The bankruptcy court, after all, "conclude[d]"—as a matter of law—that "Cliffs had monopoly power in the relevant market." D.I. 1083 at ¶ 3. Conclusions like those the bankruptcy court entered here—(1) on "the relevant market" and (2) on whether "Cliffs had monopoly power in the relevant market" (D.I. 1083 at ¶ 3)—are essential ones to Mesabi's affirmative case; they definitively decided elements of Mesabi's antitrust claims and effectively removed those elements from the trial. Under Article III, therefore, this Court must review those conclusions de novo before entry of final judgment. *See Arkison*, 573 U.S. at 33-34; *see also, e.g.*, *Insys Therapeutics*, 2024 WL 3618140, at *3. Yet without an appeal, it may not be able to do so.

This Court therefore should construe the bankruptcy court's order on Mesabi's affirmative motion for summary judgment as containing proposed findings of fact and conclusions of law— to which Cliffs hereby formally objects under Rule 9033 of the Federal Rules of Bankruptcy Procedure.

**2.**  Cliffs specifically objects to two conclusions of law and all supporting findings of fact: "[T]he Court concludes [1] that the relevant market is blast furnace pellets in the Great Lakes Region and [2] that Cliffs had monopoly power in the relevant market from 2015 through 2019."

D.I. 1083 at ¶ 3.  For the sake of the Court, Cliffs will not repeat all of its arguments refuting these findings of fact and conclusions of law.  Instead, Cliffs incorporates by reference all the arguments on these points from its motion for leave to appeal filed earlier today (D.I. 1090), as well as its summary-judgment opposition brief (D.I. 890), both of which thoroughly explain why the bankruptcy court erred in concluding as a matter of law that Cliffs held monopoly power in the relevant market.

Dated:  October 22, 2024                    Respectfully Submitted,


                                            */s/ Michael S. Neiburg*
                                            YOUNG CONAWAY STARGATT &
                                            TAYLOR, LLP
                                            Michael S. Neiburg (No. 5275)
                                            Rodney Square
                                            1000 North King Street
                                            Wilmington, DE 19801
                                            Telephone: 302.571.6600
                                            Facsimile: 302.571.1253
                                            Email: mneiburg@ycst.com

                                            JONES DAY
                                            Robert S. Faxon (*pro hac vice* forthcoming)
                                            Kristin S.M. Morrison (*pro hac vice*
                                            forthcoming)
                                            James R. Saywell (*pro hac vice* forthcoming)
                                            North Point
                                            901 Lakeside Avenue
                                            Cleveland, OH 44114.1190
                                            Telephone: 216.586.3939
                                            Facsimile: 216.579.0212
                                            E-mail: rfaxon@jonesday.com
                                                    kmorrison@jonesday.com
                                                    jsaywell@jonesday.com

                                            *Attorneys for Cleveland-Cliffs Inc. and*
                                            *Cleveland-Cliffs Minnesota Land*
                                            *Development LLC*

4